IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| BRIAN SIATKOWSKI | * | |
| Plaintiff, | * | |
| v. | * | Case No.: _____ |
| THE JOHNS HOPKINS UNIVERSITY | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

DEFENDANT THE JOHNS HOPKINS UNIVERSITY'S
NOTICE OF REMOVAL

Defendant the Johns Hopkins University (the "University"), by and through its undersigned counsel, pursuant to 28 U.S.C. §§ 1332 and 1441, *et seq*., hereby removes this action from the Circuit Court of Maryland for Baltimore City to the United States District Court for the District of Maryland (Northern Division). In support thereof, the University respectfully states as follows:

I.      Plaintiff's Complaint

1.      On or about January 27, 2025, Plaintiff Brian Siatkowski ("Plaintiff") filed a complaint against the University in the Circuit Court for Baltimore City ("Complaint"), styled as *Brian Siatkowski v. The Johns Hopkins University*, Case No. C-24-CV-25-000865 (the "Action"). Plaintiff's Complaint asserts one cause of action against the University for "unlawful retaliation/termination of employment." A copy of the Complaint is attached hereto as **Exhibit A**.

2.      As pled in the Complaint, "Plaintiff is an adult domiciliary and resident of the Commonwealth of Pennsylvania." Complaint, ¶ 1.

3.      The University is a Maryland corporation with its principal place of business in Baltimore, Maryland. Complaint, ¶¶ 2-3.

4.      Plaintiff seeks, *inter alia*, "recovery of damages against [the University] in this action **exceeding** Seventy-Five Thousand Dollars ($75,000.00)." Complaint, ¶ 5 (emphasis in original).

5.      As of the time of this filing, the University has not been served with the Complaint.

## II.      Removal Based on Diversity of Citizenship

6.      There is complete diversity of citizenship in this Action.  The University is a Maryland corporation with its principal place of business in Baltimore, Maryland.  Complaint, ¶¶ 2-3.  Plaintiff is an individual domiciliary and resident of Pennsylvania.  *Id*. at ¶ 1.

7.      Plaintiff's Complaint seeks an amount in controversy that exceeds the sum or value of $75,000 exclusive of interest and costs.  Complaint, ¶ 5 (seeking "recovery of damages against [the University] in this action **exceeding** Seventy-Five Thousand Dollars ($75,000.00)") (emphasis in original).

8.      As this is a civil action between citizens of different states, and the amount in controversy exceeds $75,000, this Court has original jurisdiction over the matter based on diversity of citizenship.  28 U.S.C. § 1332.

## III.      Removal Procedures

9.      Removal of this Action is proper under 28 U.S.C. § 1441(a), which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

10.      This Court has original jurisdiction over this Action under 28 U.S.C. § 1332 because there is diversity jurisdiction.

11.    Pursuant to 28 U.S.C. § 1441(b)(2), "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest ***properly joined and served as defendants*** is a citizen of the State in which such action is brought."  28 U.S.C. §1441(b)(2) (emphasis added).

12.    The Complaint has not been served on the University.  A copy of the docket from the state court proceedings in this matter as of the time of the filing of this Notice is attached hereto as **Exhibit B**.

13.    As a result, the provisions of 28 U.S.C. § 1441(b)(2), commonly referred to as "the forum defendant rule," are inapplicable to the instant matter.  The University, although a Maryland citizen, has not been "properly joined ***and served***" in the state court action.  *See* 28 U.S.C. § 1441(b)(2) (emphasis added); *Encompass Ins. Co. v. Stone Mansion Restaurant Inc.,* 902 F.3d 147, 153-54 (3d Cir. 2018) (holding that removal to federal court was appropriate where defendant's notice of removal was filed prior to accepting service in the state court action).[1]

14.    Venue lies in the District of Maryland pursuant to 28 U.S.C. 1441(a) and 1446(a).

15.    Pursuant to 28 U.S.C. § 1446(a), "[a] defendant … desiring to remove any civil action from a State court shall file in the district court … a copy of all process, pleadings, and orders served upon such defendant … in such action."  Local Rule 103.5 provides that "[a]ny party effecting removal shall file with the notice true and legible copies of all process, pleadings, documents, and orders which have been served upon that party, along with a copy of the current state court docket sheet."   The University has not been served with process or pleadings.  Nevertheless, a copy of the Complaint and the docket are attached hereto as Exhibit A and Exhibit B, respectively.

---

[1] The United States Court of Appeals for the Fourth Circuit has not opined on this interpretation of the forum defendant rule.

16.     This Notice of Removal is being filed within thirty (30) days of the filing of the Complaint and within one year of the commencement of the action, and therefore is timely under 28 U.S.C. § 1446(b).

17.     A true and correct copy of this Notice will be promptly filed with the clerk of the Circuit Court for Baltimore City, pursuant to 28 U.S.C. § 1446(d).

18.     A true and correct copy of this Notice will be promptly served on Plaintiff, pursuant to 28 U.S.C. § 1446(d).

19.     Pursuant to Local Rule 103.5, the University will file true and legible copies of any documents on file with the state court and not otherwise filed with this Notice, together with a certification from counsel that all filings in the state court have been filed in this Court, within thirty (30) days of the filing of this Notice of Removal.

**IV.    Conclusion**

WHEREFORE, pursuant to 28 U.S.C. §§ 1332 and 1441 *et seq.*, the University hereby requests that the above-captioned action now pending in the Circuit Court for Baltimore City, Maryland be removed to the United States District Court for the District of Maryland, and that the United States District Court for the District of Maryland assume jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Date: <u>January 31, 2025</u>                              Respectfully submitted,


      <u>/s/ Ashley N. Fellona</u>
James A. Keller (*pro hac vice motion forthcoming*)
Saul Ewing LLP
1500 Market Street
38th Floor West
Philadelphia, PA 19102
(215) 972-1964
james.keller@saul.com

Ashley N. Fellona (Fed. Bar No. 21118)
Saul Ewing LLP
1001 Fleet Street, 9th Floor
Baltimore, MD 21202
(410) 332-8701
Fax: (410) 332-8170
ashley.fellona@saul.com

*Counsel for Defendant*
*The Johns Hopkins University*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 31st day of January, 2025, a true and correct copy of the

foregoing was served via email and first class mail on:

Gregg C. Greenberg, Esq.
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373
ggreenberg@zagfirm.com

*Counsel for Plaintiff Brian Siatkowski*


_____/s/ Ashley N. Fellona_____
Ashley N. Fellona