# EXHIBIT A

E-FILED; Baltimore City Circuit Court
Docket: 1/27/2025 6:39 PM; Submission: 1/27/2025 6:39 PM
Envelope: 19710785

IN THE CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND

| | | |
|---|---|---|
| BRIAN SIATKOWSKI | * | |
| 2240 Trotter Ridge Court | * | |
| York, Pennsylvania 17408 | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No. C-24-CV-25-000865 |
| v. | * | |
| | * | |
| THE JOHNS HOPKINS UNIVERSITY | * | |
| Charles & 34th Street | * | |
| Baltimore, Maryland 21218 | * | |
| | * | |
| Serve:  Arthur P. Pineau, Esquire | * | |
|         Interim General Counsel | * | |
|         113 Garland Hall | * | |
|         3400 North Charles Street | * | |
|         Baltimore, Maryland 21218 | * | |
| | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiff Brian Siatkowski ("Plaintiff"), through undersigned counsel, files his

Complaint and demand for Trial by Jury against Defendant, The Johns Hopkins University

("Defendant"), For cause, Plaintiff states as follows:

## PARTIES AND JURISDICTION

1.      Plaintiff is an adult domiciliary and resident of the Commonwealth of

        Pennsylvania.

2.      Defendant is registered with the State of Maryland as a Corporation, formed

        under the laws of the State of Maryland.

3.      Defendant operates from a principal business address within Baltimore City, Maryland.

4.      Plaintiff seeks recovery of damages against Defendant arising from Defendant's unlawful acts of reprisal and retaliation, including its ultimate termination of Plaintiff's employment in violation of the Maryland State Contractor Employees' Whistleblower Protection Act, Md. Code Ann., State Fin. & Proc. § 11-301, *et seq*. ("the Act").

5.      Plaintiff seeks recovery of damages against Defendant in this action ***exceeding*** Seventy-Five Thousand Dollars ($75,000.00).

6.      The acts and omissions giving rise to this action occurred primarily within Baltimore City, Maryland.

7.      At all times relevant, Plaintiff qualified as Defendant's "employee," within the definition of the Act.

8.      At all times relevant, Defendant engaged in a business, industry, profession, trade, or other enterprise that entered into a contract with a unit of the Executive Branch of Maryland's State Government to provide supplies or services.

9.      At all times relevant, Defendant qualified as Plaintiff's "employer," within the definition of the Act.

10.     Pursuant to the foregoing, Venue and Jurisdiction over the Parties and claims are proper in the Circuit Court for Baltimore City, Maryland.

## **FACTS**

11.    During the period of about November 2019, through about September 30, 2024, Defendant employed Plaintiff within Defendant's School of Education's "The Ideals Institute,", as Director of Marketing and Strategic Partnerships, and later under the demoted title, Business Development Consultant.

12.    During the relevant period, Defendant received grant money from the Maryland State Department to promote "Maryland Excels," a childcare rating system and website developed by the Maryland State Department of Education Early Childhood Division ("the Maryland Excels Grant").

13.    During the relevant period, Plaintiff's primary job duty was to utilize the funding from the Maryland Excels Grant to market, promote, and raise awareness of "Maryland Excels" to families across the State of Maryland.

14.    In or about July 2022, Defendant's management level employees, and Plaintiff's direct reports, Chris Swanson ("Swanson") and Jon Farley ("Farley") approached Plaintiff and requested Plaintiff's assistance utilizing money from the Maryland Excels Grant to purchase luxury suite tickets for Baltimore Orioles baseball games.

15.    Upon receipt of this request, Plaintiff refused, stating to Swanson and Farley that the cause of his refusal was the requested purchase of luxury suite tickets for Baltimore Orioles games was not in line with the marketing goals or mission of the Maryland Excels Grant.

16.    Shortly thereafter, Farley contacted Plaintiff on his personal cell phone after customary work hours and threatened Plaintiff for his refusal to use money from the Maryland Excels Grant as Swanson requested for the purchase of luxury suite tickets for the Baltimore Orioles.

17.    On the call, Farley specifically threatened Plaintiff that his refusal to use the money from the Maryland Excel Grant to purchase luxury suite tickets for the Baltimore Orioles would result in negative consequences for Plaintiff in the workplace and that if Plaintiff wanted to keep his job, Plaintiff should get in line and do his job as directed by Swanson.

18.    Arising from Farley's threats, Plaintiff investigated Swanson and Farley's purchase history from the Maryland Excels Grant and learned that Swanson and Farley had previously utilized money from the Maryland Excels Grant to fund purchases not in line with the marketing goals or mission of the Maryland Excels Grant, including:

a.    A payment directly to a business entity owned and operated by Swanson's sister that only two (2) weeks prior to receipt of the money, operated under the name "Swanson Promotions";

b.    Payments by or for Swanson to purchase tents and other items for Swanson to host Halloween parties at Swanson's home; and

c.    Payments to purchase luxury suite tickets, food, and alcohol for at least three (3) prior Baltimore Orioles games for sole direct benefit Swanson, Farley, and their personal friends and non-work-related acquaintances.

19.  At the conclusion of Plaintiff's investigation, Plaintiff believed in good faith and upon reasonable grounds that Swanson and Farley had abused their authority or perpetrated a gross mismanagement or gross waste of money from the Marland Excels Grant and reported the same through Defendant's Whistleblower Reporting Line and accompanying procedures.

20.  Pursuant to Defendant's Whistleblower Reporting procedures, Plaintiff's report was supposed to remain anonymous.

21.  On information and belief, Defendant failed to take reasonable steps to maintain Plaintiff's anonymity in investigating Plaintiff's Whistleblower report relating to Swanson and Farley.

22.  Following Plaintiff's Whistleblower report, Swanson, Farley, and Swanson's friend and Deputy Director, Tonya Satchell ("Satchell"), learned Plaintiff was the individual that contacted Defendant's Whistleblower line and reported Swanson and Farley's abuse of authority and gross mismanagement or gross waste of money from the Maryland Excels Grant.

23.  From the time Swanson, Farley, and Satchel learned of Plaintiff's Whistleblowing, Defendant, by and through Swanson, Farley, and Satchel, subjected Plaintiff to continuing and ongoing retaliation, ultimately resulting in and including the causing the termination of Plaintiff's employment on September 30, 2024.

24.     Shortly following Swanson learning of Plaintiff's Whistleblower activities,
        Swanson stripped Plaintiff of his responsibilities managing and moderating a
        very successful community-of-practice with state leaders that Plaintiff had
        held for three (3) years.

25.     In or about the beginning of 2023, as a direct result of further corroboration
        learned by Defendant arising from Plaintiff's Whistleblower report, Swanson
        and Farley resigned their employment positions with Defendant.

26.     Following Swanson and Farley's resignation, Satchell assumed Swanson's
        prior Director position as Plaintiff's manager and report.

27.     For the remainder of the 2023 calendar year, Satchell, acting under
        Defendant's authority, carried out the retaliatory and retribution interests of
        Swanson and Farley by:

        a.      Removing Plaintiff's job title as "Director of Marketing";

        b.      Stripping Plaintiff of direct management responsibilities over Stephanie
                Turnbach, Plaintiff's sole subordinate;

        c.      Noting a false and highly offensive non sequitur remark within
                Plaintiff's annual review, *to wit*, that Plaintiff had difficulty
                understanding minorities and underserved youth in early education;

        d.      Forbidding Plaintiff from direct communication with his contacts
                within the Maryland State Department of Education Early Child Care
                Division contacts, the same individuals who sponsor the work
                Defendant performs for the Maryland State Department of Education;

e.    Refusing to authorize payment for Plaintiff to attend or present at professional conferences that Defendant had previously approved;

f.    Threatening Plaintiff with employment discipline in the form of a "write up" based upon a demonstrably false accusations that Plaintiff had acted inappropriately at a professional conference; and

g.    Excluding Plaintiff's opportunity to work on the Maryland Rebuilds Workforce Grant, a separate grant from the Maryland State Department Education of which Plaintiff participated in the drafting of, and specifically wrote the marketing section that only Plaintiff was qualified to work on, and that had previously expressly told the Maryland State Department of Education that Plaintiff would be working on this grant if it was won by Defendant.

28.    For the remainder of 2023 and continuing during Plaintiff's period of employment in 2024, Satchell, while acting under Defendant's authority, continued to retaliate against Plaintiff by "putting Plaintiff out to pasture," through stripping Plaintiff of responsibility for meaningful substantive job duties.

29.    For the remainder of 2023 and continuing during Plaintiff's period of employment in 2024, Satchell, while acting under Defendant's authority, continued to retaliate against Plaintiff by refusing to meaningfully manage Plaintiff's employment, declining to engage with Plaintiff in 1 on 1s or participate reviews of Plaintiff's work duties weekly through weekly meetings.

30.    In 2024, Satchell, while acting under Defendant's authority, retaliated against Plaintiff by utilizing her position of management and authority to single Plaintiff out for exclusion from grant money to continue to fund Plaintiff's employment with Defendant, following the conclusion of September 2024.

31.    As a direct result of Satchell's retaliation of excluding funding Plaintiff within the grant money, when the grant funding Plaintiff's employment with Defendant expired on September 30, 2024, Defendant terminated Plaintiff's employment, effective immediately.

32.    The motivating direct and proximate cause for Defendant's continuing acts of retaliation against Plaintiff and ultimate termination of Plaintiff's employment was Plaintiff's good faith Whistleblower Report to Defendant's Whistleblower line, therein reporting Swanson and Farley's abuse of authority and gross mismanagement or gross waste of money from the Maryland Excels Grant.

33.    Defendant's continuing acts of retaliation against Plaintiff and ultimate retaliatory termination of Plaintiff's employment was knowing, intentional, and sufficiently malicious to necessitate an award of punitive damages under Maryland law.

34.    Defendant's continuing acts of retaliation against Plaintiff and ultimate termination of Plaintiff's employment directly and proximately caused Plaintiff to suffer substantial emotional damages, including anxiety, panic attacks, lack of sleep, and general sadness, resulting in Plaintiff withdrawing and declining opportunities to engage in social and other previously preferred activities.

35.    Defendant's continuing acts of retaliation against Plaintiff and ultimate

termination of Plaintiff's employment directly and proximately caused

Plaintiff to suffer lost back and future wages and loss of earnings and other

employment benefits and job opportunities.

## CAUSE OF ACTION
### UNLAWFUL RETALIATION / TERMINATION OF EMPLOYMENT

36.    Plaintiff incorporates by reference all preceding paragraphs as if the same were

repeated here verbatim.

37.    The Act § 11-303 provides, in relevant part, "An employer may not take or

refuse to take any personnel action as a reprisal against an employee because

the employee: (1) discloses information that the employee reasonably believes

evinces: (i) an abuse of authority, gross mismanagement, or gross waste of

money; [or]; (iii) a violation of law; [or] (2) objects to or refuses to participate

in any activity, policy, or practice in violation of law.

38.    Plaintiff's July 2022, good faith refusal of Swanson and Farley's directive to

purchase luxury suite tickets to Baltimore Orioles games with money from the

Maryland Excels Grant, followed by Plaintiff's good faith reporting of

uncovered abuses of authority, gross mismanagement, or gross waste of money

perpetrated by Swanson and Farley to Defendant's Whistleblower line

constituted activities protected under the Act for which the Act expressly

proscribed Defendant from taking or refusing to take any reprisal personnel

action against Plaintiff.

9

39.   Following Plaintiff's July 2022, good faith refusal of Swanson and Farley's directive to purchase luxury suite tickets to Baltimore Orioles games with money from the Maryland Excels Grant, followed by Plaintiff's good faith reporting of uncovered abuses of authority, gross mismanagement, or gross waste of money perpetrated by Swanson and Farley to Defendant's Whistleblower line, Defendant, while acting through its authorized management and agents, perpetrated continuing and ongoing retaliatory personnel acts, as herein alleged, as reprisals against Plaintiff, ultimately resulting in and including Defendant's September 30, 2024, termination of Plaintiff's employment.

40.   The motivating direct and proximate cause for Defendant's continuing and ongoing retaliatory personnel acts, as herein alleged, against Plaintiff, ultimately resulting in and including Defendant's September 30, 2024, termination of Plaintiff's employment, were continuing and ongoing acts of reprisal perpetrated by Defendant, through its authorized agents, against Plaintiff  for his July 2022, good faith refusal of Swanson and Farley's directive to purchase luxury suite tickets to Baltimore Orioles games with money from the Maryland Excels Grant, followed by Plaintiff's good faith reporting of uncovered abuses of authority, gross mismanagement, or gross waste of money perpetrated by Swanson and Farley to Defendant's Whistleblower line.

41.    Defendant's continuing and ongoing retaliation against Plaintiff, resulting in and including Defendant's September 30, 2024, termination of Plaintiff's employment, directly and proximately caused Plaintiff to suffer substantial emotional damages, including anxiety, panic attacks, lack of sleep, and general sadness, resulting in Plaintiff withdrawing and declining opportunities to engage in social and other previously preferred activities.

42.    Defendant's continuing and ongoing retaliation against Plaintiff, resulting in and including Defendant's September 30, 2024, termination of Plaintiff's employment, directly and proximately caused directly and proximately caused Plaintiff to suffer lost back and future wages and loss of earnings and other employment benefits and job opportunities.

## JURY DEMAND

Plaintiff requests a trial by jury on all facts and issues so triable.

## RELIEF SOUGHT

WHEREFORE, Plaintiff prays this Honorable Court:

A.    Reinstate Plaintiff to the same or an equivalent position of employment with Defendant, with full fringe benefits and seniority rights;

B.    Remove any adverse personnel record entries assessed by Defendant against Plaintiff;

C.    Award Plaintiff lost back wages, benefits, and earnings opportunities;

D.    Award Plaintiff future lost wages, benefits, and earnings opportunities;

E.    Award Plaintiff emotional distress and related compensatory damages;

F.      Award Plaintiff punitive damages;

G.      Award Plaintiff his costs of litigation and reasonable attorney's fees; and

H.      Award Plaintiff and all further legal and/or equitable relief as this Court or a

jury deems necessary, just, or proper.

Dated: January 27, 2025                    Respectfully submitted,

                                           __/s/ Gregg C. Greenberg_____
                                           Gregg C. Greenberg, Esquire
                                           (Client Protection Fund #: 0712110314)
                                           Zipin, Amster & Greenberg, LLC
                                           8757 Georgia Avenue, Suite 400
                                           Silver Spring, Maryland 20910
                                           Phone: 301-587-9373
                                           Email: ggreenberg@zagfirm.com

                                           *Counsel for Plaintiff*